Bernard P. NOVICK

v.

UNITED STATES of America.

Civ. A. No. 68–597.

United States District Court,
E. D. Pennsylvania.

March 29, 1971.

Barton A. Pasternak, Philadelphia, Pa., for plaintiff.

Joseph P. Green, Philadelphia, Pa., for defendant.

### DECISION

DITTER, District Judge.

In this case, a merchant seaman was injured while boarding a launch which was to return him to his ship following shore leave.

As a result of stipulations by the parties and depositions submitted to the court, I make the following:

### FINDINGS OF FACT

1. The plaintiff, Bernard Novick, is a 53-year old American seaman.

2. On July 27, 1967, plaintiff was employed as a wiper aboard defendant's vessel, S/S "Cape Martin."

3. He was injured in the course of returning to the vessel from shore leave at approximately 11:40 P.M. on July 27, 1967.

4. A launch had been provided by the vessel's agents to transport the crew members ashore and back to the ship without charge to members of the crew. Plaintiff was injured while in the process of boarding this launch. which was owned by Philippine Marine Navigation, Inc.

5. Due to a choppy sea, the launch moved up and down through a distance of five to six feet at the time plaintiff was about to board it.

6. No ladder or other device was provided by the launch to assist the plaintiff aboard.

7. In order to get aboard, the plaintiff had to jump into the launch.

8. A member of the launch crew grasped plaintiff's hand in an attempt to help him aboard.

9. Although the launch began to dip in the choppy sea and despite plaintiff's request to the launch crewman to be released, the crewman held tight, pulling plaintiff off the dock and into the launch.

10. When plaintiff was pulled onto the launch, he sustained injury to his right leg and left wrist.

11. The injuries sustained by plaintiff on July 27, 1967, resulted from the failure of Philippine Marine Navigation, Inc., to provide a reasonably safe means to board the launch and from the conduct of its crew member in pulling the plaintiff from the dock and into the launch.

12. At the time of plaintiff's accident, the crew member of the launch was an employee of Philippine Marine Navigation, Inc., and was acting within the course and scope of his employment.

13. Plaintiff was given first aid aboard the vessel and was thereafter treated ashore on July 28 at Waterous Hospital where he was an inpatient for seven days and not fit for duty an additional five days thereafter.

14. On September 1, 1967, he was treated by a doctor at Keelung, Taiwan.

15. On September 3, 1967, he was made an inpatient at the Taiwan Sanitarium until September 8, 1967.

16. He was then repatriated to the United States and was treated by the U. S. Public Health Service in Philadelphia from September 12, 1967, until November 17, 1967, when he was found to be fit for duty.

17. As a result of the injury aboard the launch, plaintiff sustained a sprain of the left wrist with partial paralysis of the ulnar nerve, causalgia and swelling. He also suffered a laceration of the right leg.

18. Plaintiff sustained wage loss in the amount of approximately $1,200.00.

19. In addition to any maintenance and statutory benefits already paid, plaintiff has suffered damages in the sum of $3,850.00.

## CONCLUSIONS OF LAW

1. This Court's jurisdiction is based upon the Public Vessels Act and the Suits in Admiralty Act.

2. Liability of the defendant, the United States of America, to plaintiff arises out of and results from the relationship existing between the United States of America and Philippine Marine Navigation, Inc.

■ 3. Plaintiff was not provided a safe means of ingress to the launch.

■ 4. The actions of the launch crew member were negligent under the circumstances.

■ 5. For the purposes of this case, the negligence of the launch crew member is imputed to the defendant.

6. The improper method employed by the launch crew member rendered defendant's vessel unseaworthy.

7. Defendant's negligence and the unseaworthy condition of defendant's vessel were the proximate cause of the plaintiff's injury.

8. In addition to any sums previously paid, the plaintiff is entitled to damages of $3,850.